NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 13, 2008[*]
Decided November 13, 2008

**Before**

DANIEL A. MANION, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 07-3805

| | |
|---|---|
| K.A. ISRAEL, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of |
| | Illinois, Eastern Division. |
| *v.* | |
| | No. 07 C 5578 |
| GLENN FINE, et al., | |
| *Defendants-Appellees*. | Wayne R. Andersen, |
| | *Judge*. |

**O R D E R**

K.A. Israel sued the Inspector General for the United States Department of Justice along with the FBI director and two agents, claiming that they violated the civil rights of his disabled sister by not investigating allegations that she was raped by a social worker at a

---

[*]The defendants were not served with process in district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2).

healthcare facility.  Israel, a frequent pro se litigant who also uses the name Rabbi K. Garth Richardson, asked to proceed in forma pauperis, and so the district court screened his complaint under 28 U.S.C. § 1915(e)(2)(B) and dismissed it.  Israel had petitioned an Illinois probate court to appoint him as his sister's guardian, and the district court reasoned that Israel's lawsuit could not proceed unless the state court granted his guardianship request.  On November 15, 2007, the district court gave Israel permission to proceed in forma pauperis on appeal.

On appeal Israel asks us to remand his case for further proceedings in the district court, but it is not clear why he thinks we should do so.  A litigant in this court must "supply an argument consisting of more than a generalized assertion of error, with citations to supporting authority."  FED. R. APP. P. 28(a)(9)(A); *see also Haxhiu v. Mukasey*, 519 F.3d 685, 691 (7th Cir. 2008).  And although we construe pro se filings liberally, even litigants proceeding without the benefit of counsel must articulate some reason for disturbing the district court's judgment.  *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).  Israel, though, does not challenge the district court's reasoning at all.  His brief repeats the allegations contained in his complaint and alleges that the defendants violated virtually every provision of the Constitution as well as international criminal law, but he never explains why those assertions undermine the district court's decision.  Nor can we "fill the void by crafting arguments and performing the necessary legal research."  *Id.*  Israel has not explained why he thinks the district court's judgment was wrong, and so his appeal must be dismissed.  *See id.* at 545-46.

Finally, we note that we recently barred Israel from filing any new appeals until he pays all outstanding filing fees and sanctions.  *See Israel v. Lake*, No. 08-1062 (7th Cir. Mar. 11, 2008).  The present appeal, filed on November 19, 2007, is the last one Israel lodged before the filing bar took effect.

DISMISSED.